UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

**PRISCILLA CASSELL,**

        **Plaintiff,**

v.                                          Civil Action No. _7:19CV8_

**DIVERSIFIED CONSULTANTS, INC.,**

        **Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer alleging damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, to redress illegal direct communication with the Plaintiff, a senior citizen, after being told by counsel that she was represented by an attorney.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff Priscilla Cassell ("Ms. Cassell") is a natural person who resides in Virginia. Ms. Cassell is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Diversified Consultants, Inc. ("Diversified") is a foreign corporation with its principal office located at 10550 Deerwood Park Blvd., Suite 308, Jacksonville, Florida 32256, and has as its registered agent Incorp Services, Inc. at 7288 Hanover Green Drive,

Mechanicsville, Virginia 23111. The principal purpose of its business is the collection of consumer debt.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. On or about December 17, 2018, Diversified began telephoning Ms. Cassell in an attempt to collect from her a debt that Diversified alleged to be due and owing.

7. The purported debt was a personal consumer credit account, and was alleged by DIVERSIFIED to have been incurred primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

8. Being unable to pay the alleged debt due to extremely limited financial means, Ms. Cassell, a senior citizen whose has had two knee replacements, who wears braces on her knees and walks with a cane, has severe arthritis in her dominant left hand, and is not able to stand up on her own if she falls, sought the assistance of legal aid attorneys at Legal Advocates for Seniors and People with Disabilities (LASPD).

9. On December 17, 2018, LASPD attorney Edward Grossman sent a letter by email to Diversified advising Diversified of LASPD's representation of Ms. Cassell and requesting that Diversified cease all further collection activities and direct all future communications to LASPD's office. A true and accurate copy of Mr. Grossman's December 17, 2018 letter is attached hereto marked Exhibit 1.

10. Diversified received Edward Grossman's December 17, 2018 letter.

11. On or about December 19, 2018, at approximately 8:22 a.m. and again at 4:45 p.m., Diversifed telephoned Ms. Cassell directly attempting to collect the alleged debt.

12. On or about December 20, 2018, at approximately 4:45 p.m., Diversified telephoned Ms. Cassell directly attempting to collect the alleged debt.

13. On or about December 21, 2018, at approximately 8:23 a.m., Diversified again telephoned Ms. Cassell directly attempting to collect the alleged debt.

14. On December 21, 2018, Ms. Cassell spoke with Sherry B. at Diversified who said that she did not see the December 17, 2018 letter from Mr. Grossman on file but confirmed that he had used the correct email address and asked that Ms. Cassell check back after the holidays.

15. On December 21, 2018, LASPD attorney Edward Grossman sent a second letter by email to Diversified advising them of LASPD's representation of Ms. Cassell and requesting that they cease all further collection activities and direct all further communications to LASPD's office. A true and accurate copy of the December 21, 2018 letter is attached hereto marked Exhibit 2.

16. Despite being advised by Mr. Grossman that he represented Ms. Cassell, Defendant nevertheless continued to communicate with Ms. Cassell directly, in violation of 15 U.S.C. § 1692c(a)(2).

17. Diversified's violations of the FDCPA were material because, although Ms. Cassell had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Diversified's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

18. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material, *see*, *Lox v. CDA*, 689 F.3d 818, 827 (7th Cir. 2012). Here, Diversified's actions caused Ms. Cassell to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

19. As a result of the acts and omissions of Defendant, Ms. Cassell has suffered actual damages and injury, including but not limited to, stress, mental anguish and suffering, and emotional distress.

## COUNT ONE
### VIOLATION OF THE FDCPA – 15 U.S.C. § 1692c(c)
### Failure To Cease Communications And Cease Collections

20. The allegations of the foregoing paragraphs of the Complaint are incorporated by reference.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. *See*, 15 U.S.C. § 1692c(c).

22. Here, the letter from Ms. Cassell's agent/attorney, LASPD, told Defendant to cease communications and cease collections (Exhibit 1). By continuing to communicate regarding collection of this debt, Defendant violated § 1692c(c) of the FDCPA.

23. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, *see*, 15 U.S.C. § 1692k.

## COUNT TWO
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

24. The allegations of the foregoing paragraphs of the Complaint are incorporated by reference.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, *see*, 15 U.S.C. § 1692c(a)(2).

26. Defendant knew that Ms. Cassell was represented by counsel in connection with her debt because her attorney at LASPD had informed Defendant, in writing, that Ms. Cassell was represented by counsel, and had directed a cessation of communications with Ms. Cassell (Exhibit 1). By sending a collection letter directly to Ms. Cassell, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

27. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Declaratory relief that the Defendant violated the Fair Debt Collection Practices Act;

2. Award Plaintiff statutory damages and actual damages against the Defendant for its violations of the Fair Debt Collection Practices Act;

3. Award Plaintiff reasonable attorneys' fees against the Defendant for its violations of the Fair Debt Collection Practices Act;

4. Award Plaintiff costs against the Defendant for its violations of the Fair Debt Collection Practices Act;

5. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Priscilla Cassell
By Counsel

__s/___Dale W. Pittman_____
By: Dale W. Pittman, VSB#15673
Counsel for Priscilla Cassell
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com